IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PAUL D. LOWE,** | ) | **CASE NO. 5:08 CV 686** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **Magistrate Judge James S. Gallas** |
| | ) | |
| **STARK COUNTY SHERIFF** | ) | **MEMORANDUM OPINION** |
| **TIMOTHY A. SWANSON,** | ) | |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James S. Gallas (Document #16) recommending that the Court deny Petitioner, Paul D. Lowe's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket #1); deny Petitioner's Motion for Summary Judgment (Docket #15); and, dismiss the Petition in its entirety.

The factual and procedural history of this case, as set forth by the Magistrate Judge, is as follows:

> Paul D. Lowe was convicted of "sexual battery" under Ohio Rev. Code § 2907.03(A)(5) due to his admitted illicit, but consensual relationship, with his 22-year old adult step-daughter, who was neither related by blood nor adoption: The crime, a third degree felony, is set out as:
>
> A) No person shall engage in sexual conduct with another, not the

> > spouse of the offender, when any of the following apply: . . .
>
> > (5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person.
>
> > See Ohio Rev. Code §2907.03(A).
>
> Its purpose is "quite obviously designed to be Ohio's criminal incest statute." *State v. Noggle*, 67 Ohio St.3d 31, 33, 615 N.E.2d 1040, 1993-Ohio-189 (1993).  Lowe exhausted his state court appeals, and was unable to convince the Ohio Supreme Court that he has a federally-protected constitutional right to a sexual relationship with his step-daughter. See *State v. Lowe,* 112 Ohio St.3d 507, 861 N.E.2d 512, 2007-Ohio-606 (2007). His state sentence of 120 days incarceration to be followed by 3 years of community control has been stayed by the state trial court and this suspension remains in effect pending the outcome of federal habeas review. (See Petitioner's Memorandum in Support, ECF # 1-3).
>
> > Lowe now petitions for federal habeas corpus under 28 U.S.C. §2254 to overturn his sexual battery conviction challenging the constitutionality of the application of Ohio's incest statute to his circumstances as infringing on his fundamental right to consensual sexual relationships within the privacy of the home. Lowe contends that his incestuous relationship is protected by the Due Process Clause of the Fourteenth Amendment based upon *Lawrence v. Texas*, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), and subject to review under the doctrine of strict scrutiny to be overcome by only a compelling state interest.  His case is before the district court on his petition for federal habeas corpus pursuant to 28 U.S.C. §2254 and his unopposed motion for summary judgment. (See ECF # 1, 15)

(Footnotes omitted.)

After a thorough review and discussion regarding applicable State and Federal law, the Magistrate Judge found that Petitioner has not demonstrated that he is in custody pursuant to a judgment of the State court which resulted in a decision that was an unreasonable application of Federal law, as determined by the Supreme Court of the United States, and that the State court decision was not "contrary to" precedent for the U.S. Supreme Court.  As stated above, the Magistrate Judge recommends that Petitioner's

Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied; that Petitioner's Motion for Summary Judgment be denied; and, that the Petition be dismissed in its entirety.

On June 11, 2009, Petitioner filed his Objection to the Magistrate Judge's Report and Recommendation, challenging the Magistrate Judge's analysis of *Lawrence v. Texas*, 539 U.S. 558, 564 (2003), and arguing that *Lawrence* sets forth "clearly established" law – specifically, the principle that the government may not, absent a narrowly tailored compelling interest, regulate the actions for which Mr. Lowe was convicted. (Docket #17.)

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

**Discussion**

The Court has reviewed the Report and Recommendation *de novo*, as well as the Objection filed by Petitioner. The Court hereby agrees with, and adopts, the findings and conclusions of the Magistrate Judge as its own. The Magistrate Judge correctly determined that Petitioner has not demonstrated that he is in custody pursuant to a judgment of the State court which resulted in a decision that was an unreasonable application of Federal law and, that the State court decision was not "contrary to" precedent for the U.S. Supreme Court. As thoroughly analyzed by the Magistrate Judge, there is no "clearly established" principle set out in the holding of *Lawrence v. Texas* which would apply to incestuous relationships of

-3-

opposite sex partners and the Ohio Supreme Court's decision to apply rational basis scrutiny to the State prohibition of sexual relations between a step-father and adult step-child is not an objectively unreasonable application of *Lawrence*, or any other relevant Supreme Court rulings.

## Conclusion

The Court hereby ADOPTS the Report and Recommendation issued by Magistrate Judge Gallas. (Docket #16.) The Petition for Writ Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Paul D. Lowe, is hereby DENIED; Petitioner's Motion for Summary Judgment (Docket #15) is hereby DENIED. The Petition is hereby DISMISSED in its entirety.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable

jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983))

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Report and Recommendation, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 7, 2009